THE PEOPLE *ex rel.* W. D. Kerfoot

*v.*

JACOB GROSS, Clerk Circuit Court, etc.

*Filed at Mt. Vernon January 18, 1882.*

FEES *of clerks of circuit courts—in counties of third class—where several defendants plead jointly.* Under sec. 33, chap. 53, of the Revised Statutes, relating to Fees and Salaries in counties of the third class, if one of several defendants, acting separately from the others, wishes to enter his appearance, or to plead, answer or demur, in his own behalf, he must, before doing so, pay a fee to the clerk of $1.50; but when two or more defendants wish to enter their appearance, or to plead, answer or demur jointly, they are to jointly pay $1.50, and not each to pay that sum.

This was an application in this court by the relator, against Jacob Gross, clerk of the circuit court of Cook county, for a *mandamus* to compel him to receive and file a certain paper entering the appearance of a number of defendants in a certain cause in chancery, upon payment of $1.50 for all, which had been tendered to the clerk and refused by him, he demanding the payment of the further sum of $36, and claiming he was entitled to the same under the statute, as fees for the defendants named in the writing, to be paid in advance to him as clerk of the court.

Mr. W. T. BURGESS, for the relator.

Mr. CONSIDER H. WILLETT, for the respondent.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The decision of this case depends upon the construction to be given to sec. 33, chap. 53, of the Revised Statutes, on the subject of Fees and Salaries in counties of the third class. So much of the statute as comes in judgment is in these words: "At the time of the commencement of every suit at law or in equity, in any court of record, in counties having a population exceeding seventy thousand inhabitants, in this State, the party or parties commencing such suit, or in case of an appeal from an inferior court, the party or parties, appellant or appellants, or in case of an application for judgment upon any special assessment or special tax levied by any incorporated town or city, such town or city, shall pay to the clerk of the court the sum of $6, to be taxed as costs in the suit, which said sum shall be in full payment for all services of such clerk on behalf of the plaintiff or plaintiffs, complainant or complainants, petitioner or petitioners, appellant or appellants, in the progress of such suit from the commencement to the final termination thereof, except the making of copies of papers or orders, a complete record, or a record for a higher court. And in case of any application for judgment for city, county, State, town or other general taxes, there shall be paid to the clerk, by the corporation so applying for judgment, the sum of three cents for each and every tract of land upon which judgment shall be rendered by the court, which said sum shall be in full payment for all services to be performed by such clerk in the progress of such suit, upon such application, from its commencement to the final termination thereof. And the defendant or defendants, respondent or respondents, appellee or appellees,

before he, she or they shall be entitled to enter his, her or their appearance, or file any pleas, answer or demurrer in any suit at law or in equity, shall pay to the clerk of the court the sum of $1.50, to be taxed as costs in the suit, which in like manner shall be in full payment of and for all services rendered or to be rendered by the clerk, for or on behalf of the defendant or defendants, respondent or respondents, appellee or appellees, in or during the progress of such suit to the final termination thereof, except for the making of copies of papers or records, a complete record, or a record for a higher court."

It is contended by the defendant that when several defendants come together into court, and in a body enter their appearance, file pleas, or answer or demur, the law in such case requires each of such defendants to "pay to the clerk of the court the sum of $1.50,    *    *    *    in full payment of and for all services rendered or to be rendered by the clerk, for or on behalf of each of said defendants, during the progress of the suit."    The relator contends, that "the sum of $1.50" is to be paid, not by each of such defendants, but by all such defendants as enter their appearance together, or plead together, or answer or demur together.

We are of opinion that the position of the relator is the one indicated by the terms of the statute.    The statute provides for two classes of contingencies or cases—the first, when a defendant (one defendant acting separately) wishes to enter his appearance, or to plead, answer or demur on his own behalf,—in such case such defendant must, before doing so, pay $1.50.    The second case is, where two or more defendants wish to enter their appearance, or to plead, answer or demur together, they are jointly to pay the $1.50.    The statute does not say that in such case each shall pay the $1.50, and we do not think means that each shall do so.    Of course, when such payment has once been made, it is in full for all subsequent clerk's fees otherwise chargeable to any of

such defendants, except such as are excluded from the opera-
tion of this statute.

The language of the section is involved, and if what is said
as to each of the cases provided for in the statute be stated
separately, the meaning will perhaps be more apparent. The
section provides, as to a single defendant, as follows : "And
the defendant, respondent or appellee, before he or she shall
be entitled to enter his or her appearance, or file any pleas,
answer or demurrer, * * * shall pay," etc.; and as to
the case of two or. more, the provision is : "And the defend-
ants, respondents or appellees, * * * before they shall
be entitled to enter their appearance, or file any pleas, answer
or demurrer, * * * shall pay," etc.

We are clearly of opinion that in this controversy the law
is with the relator. The peremptory *mandamus* sought in the
petition is therefore awarded.

*Mandamus awarded.*