BERMAN FRIEND

*v.*

GOLDIE COHEN *et al.*

*Filed at Ottawa October 11, 1895—Rehearing denied March 13, 1896.*

1. APPEALS AND ERRORS—*Supreme Court cannot add to the record.* An affidavit used upon a motion cannot be made a part of the transcript of the record by an order of the Supreme Court.

2. SAME—*transcript must be certified by clerk under seal.* A transcript of the record must be made by the clerk of the court below, properly certified under his seal of office.

3. SAME—*harmless error will not reverse.* Harmless error can never be made the ground for reversing a decree or judgment.

4. SAME—*facts which render errors harmless.* Error in ordering a sale of property in a suit to declare a trust therein is not ground for reversal as to the trustee, where, by his answer, he offers to convey the property upon being protected and paid his charges, nor as to his assignee, who voluntarily offered to buy less than the whole property for the whole amount of the decree, and did so, and the record shows that the trustee has been paid in full.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

S. P. SHOPE, and D. P. PHELPS, for plaintiff in error:

The plaintiff must do all in his power to fulfill his part of the contract which he is seeking to enforce, and must do his full duty, or the courts will not regard his prayer. *New York Paper Bag Mach. Co.* v. *Union Paper Bag Mach. Co.* 32 Fed. Rep. 783; 22 Am. & Eng. Ency. of Law, 927; *Morgan* v. *Morgan,* 2 Wheat. 290; *Cohn* v. *Mitchell,* 115 Ill. 124; *Cassel* v. *Cassel,* 104 id. 361; *Thayer* v. *Mining Co.* 105 id. 540; *Weingœrtner* v. *Pabst,* 115 id. 412.

The order of the court should have been that the redemption money should be paid by a certain date, and if it was not paid by that date then their bill should have been dismissed. This has been repeatedly decided. *Burgess* v. *Ruggles,* 146 Ill. 518; *Roby* v. *Canal and Dock Co.* 137 id. 295; *Bremer* v. *Canal and Dock Co.* 127 id. 492; *Decker* v.

*Patton,* 120 id. 464; 2 Daniell's Ch. Pr. 1016, 1017; Seton's Decrees in Eq. 106-145; *Walker* v. *Harris,* 7 Paige's Ch. 167; 2 Barbour's Ch. Pr. (2d ed.) 200; 2 Jones on Mortgages, (2d ed.) 1106.

It is fundamental that if there is no general prayer . for relief, but simply a specific prayer for relief, the complainant can receive no relief beyond that prayed for. Story's Eq. Pl. par. 41; Cooper's Eq. 14; *Cook* v. *Martyn,* 2 Atk. 2; *Pope* v. *Clinton,* 12 Ves. 62; *Thompson* v. *Smithson,* 7 Port. 144.

The usual time given for redemption by courts of equity is six months, and three months, or even a shorter period, has been held sufficient. *Decker* v. *Patton,* 120 Ill. 464; *Perine* v. *Dunn,* 4 Johns. Ch. 140; *Bremer* v. *Canal and Dock Co.* 127 Ill. 493.

Evidence cannot be made a part of the record by being copied into it by the clerk. (*Murphy* v. *People,* 37 Ill. 447; *Mann* v. *Russell,* 11 id. 586.) Neither can evidence, through the certificate of the clerk, be made a part of the record if copied into the record. (*McIntosh* v. *Saunders,* 68 Ill. 128.) Neither can documentary evidence so become part of the record. *Gilchrist* v. *Gilchrist,* 76 Ill. 281; *In re Johnson,* 104 id. 50.

Upon a writ of error the court will look only to the transcript of the record. It can only try the case on the record of the lower court. *Smith* v. *Trimble,* 27 Ill. 152.

The defense sought to be made by aid of matters *dehors* the record and by various alleged matters *in pais* cannot be made in the manner attempted, but could only have been made by formal pleas. *Moore* v. *Williams,* 137 Ill. 591; *Kern* v. *Zink,* 55 id. 450; *Trustees* v. *Hihler,* 85 id. 409.

JOHN C. RICHBERG, and GABRIEL J. NORDEN, for defendants in error:

It is well settled that acts *in pais,* occurring either before or after the rendition of the decree, which would make it fraudulent for either party to seek a reversal of

the decree, may be set up in bar of the writ. *Austin* v. *Bainter*, 40 Ill. 82.

Where lands are sold under proceedings, the party who received the proceeds is barred from prosecuting a writ of error to reverse the decree under which he accepted the proceeds. *Corwin* v. *Shoup*, 76 Ill. 246.

It is a settled doctrine of this court that where the party recovers a decree and accepts the benefits thereof voluntarily, knowing the facts, the acceptance operates as a release of error. *Ruckman* v. *Alwood*, 41 Ill. 185.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the circuit court of Cook county to reverse a decree of that court rendered on a cross-bill by defendants in error against plaintiff in error. The object of the bill was to compel the defendant to convey to the complainants lot 3, block 42, school section addition to Chicago, which, it was alleged, he held in trust for them. The clerk of the court below sent up a record containing only the bill, answer and interlocutory decree finding the rights of the parties and referring the cause to a master to ascertain and report the amount due the defendant, and a further decree confirming the master's report and ordering the amount reported due by him paid within four weeks, and in default thereof that the property be sold, etc. This record was certified to be a "complete transcript of the record, prepared according to the *præcipe* filed" in the clerk's office on "the 15th day of September, 1894," and on it numerous errors were assigned in this court. It was filed October 5, 1894. On the sixth of that month the case was taken on the regular call of the docket. On the tenth defendants in error suggested a diminution of the record, and were granted leave to supply the omissions named. On the twelfth they filed a motion, signed by plaintiff in error, to dismiss the writ of error, and also entered their motion to dismiss in conformity therewith. In answer to that motion, on

the fifteenth counsel of record for plaintiff in error filed an affidavit by Sophia Salomon, setting up that the decree below had been assigned to her by Friend, with power to sue out all writs, etc., to enforce the same, setting out the assignment and contract, and claiming the right, under the same, to sue out this writ of error in her name, and that Friend had no right to stipulate for its dismissal. On consideration of the motion to dismiss, it was overruled. On the sixteenth defendants in error entered a motion to set aside the submission and for leave to plead a release of errors, which was also denied, no sufficient reason being shown for the failure to file the plea before the case was taken. They then entered a motion for leave to add to the transcript of the record the affidavit of Sophia Salomon, filed in opposition to their motion to dismiss, and this last motion was reserved to the hearing. It will be overruled. We regard it too clear for argument that a paper of that kind cannot be made a part of the transcript of the record by an order of this court. Such transcript must be made by the clerk of the court below, properly certified by his seal of office.

Waiving the question as to whether plaintiff in error has placed himself in a position to question the regularity of the proceedings below by bringing up an incomplete record of the cause, defendants in error having been allowed to supply such portions thereof as they seem to deem important, we are clearly of the opinion that no reversible error of which plaintiff in error is in a position to complain, appears. The objection to the decree below is not that it was unauthorized by the evidence produced. In fact, plaintiff in error, by his own *præcipe* for the record, directed the clerk not to include in it the testimony or the master's report, so that it must be conceded the evidence authorized the decree. The basis of all the errors insisted upon in the argument is, that the bill is insufficient in its allegations and prayer for relief

to authorize the decree. That the bill is not skillfully drawn must be admitted; but in view of the answer, and that which appears from the record, including the additional parts filed by defendants in error, we think it sufficient to support the decree.

It is alleged that the mother of complainants purchased the lot in question of certain parties, who continued to hold the title thereto in trust for her and after her death for them, and that the defendant, Berman Friend, succeeded to that trust, and agreed to hold the same for them subject to the repayment to him of $3000, and that he has since offered to relinquish the trust and transfer the property to them upon the payment to him of that sum and interest, and taxes and expenses that he had laid out in and about the trust connected with the property, and they offered in the bill to pay the same. They called upon the defendant to answer under oath, and prayed that he be required to convey the property to them. The defendant, answering under oath, denied that he acquired the title to the property to be held in trust, and alleged that he purchased the same at a foreclosure sale in his own name and for his own use and benefit, but admitted that afterwards he entered into a verbal agreement with the father of complainants to give him an option, for the benefit of complainants, to purchase the property by paying to him the sum of $3000, with interest at such rate as he might demand, together with taxes, assessments, etc.; that in pursuance of that agreement the father of complainants did pay interest on the $3000 until some time prior to his death, but before he died default had been made in the payment of interest, and that taxes, etc., had not been paid, and that he had been put to large costs and expenditures by litigation in regard to said property. His answer concludes as follows: "That although he is advised and believes that said agreement entered into by him with said Julius Jackson, as aforesaid, was null and void, because not reduced to writing,

and that the same was contemplated to be performed by said Jackson within a reasonable time from the making thereof, which reasonable time has long ago lapsed, and although default has been made in the matter of the payment of said interest and the taxes and assessments, yet this defendant is ready and willing on his part to perform said agreement and convey the title to said real estate to said cross-complainants upon being properly protected by the decree of this honorable court in that behalf, and upon his being paid the sum of three thousand one hundred and fifty dollars ($3150) and all of said unpaid interest and the taxes and assessments advanced by him, and upon being paid and reimbursed all of his outlays and expenditures, of every sort, nature and description, in and about said real estate and the management thereof, or arising out of said litigation, hitherto or hereafter, or otherwise."

On replication being filed to this answer the case was heard in open court, and a decree rendered finding that the defendant did acquire the title to said lot in trust, and that he afterwards bid in the same at a foreclosure sale in the sum of $3150, which he paid out of his own means; also, that he had expended money in and about protecting the property, for taxes, special assessments, costs of litigation, etc., and ordering the cause to be referred to a master to ascertain the amounts so paid by him and report the same to the court. The decree also provided that if the amount found due him should not be paid within four weeks from the decree in that behalf, the lot should be sold, or so much thereof as might be sufficient to realize the amount due him, the sale to be at public vendue, for cash in hand, to the highest and best bidder, etc.

On June 15, 1891, the master filed his report, finding that there was due the defendant on the eleventh day of that month $5977.63, which included interest at the rate of eight per cent. On objection by complainants that

interest should have been computed at six per cent only, the court reduced the total amount reported by the master to $5555.88, and confirmed his report filed, for that amount, to all of which the defendant seems to have made no objection. The decree also provided for the sale of the property in the event of the failure to pay that amount within four weeks. It is shown by the additional record filed by defendants in error, that on November 4, 1892, the master made a report of sale of the lot, to which objections were filed, and that Sophia Salomon appeared in court and offered to pay the amount of the decree and costs of sale and re-sale for the east twenty-five feet of the property, and thereupon the former sale was set aside and a re-sale ordered. On March 4, 1893, the master again reported that he had sold the east twenty-five feet for $6404; also, that he had made distribution of the money, taking the receipt of Sophia Salomon, assignee of Berman Friend, for $6124.20, being the debt and interest he was entitled to under the decree, which receipt was attached to the report, marked "D," and is signed by Sophia Salomon, assignee of Berman Friend, by E. A. Rosenthal, her attorney.

It is now attempted to be set up by Friend, or Sophia Salomon, as his assignee, that the court below erred in ordering a sale; that the complainants had been guilty of *laches* in filing their bill; that they failed to show performance of the alleged contract on their own part; that at most the purchase by Friend at the foreclosure sale was voidable, and if complainants were allowed to disaffirm it the court should have ordered the money paid by a certain date, and if not then paid, dismissed their bill; that it was error to decree in favor of complainants beyond the prayer of their bill, and that giving complainants twelve months in which to redeem from the sale was erroneous. Suppose all this were true. How has the plaintiff in error been injured? Harmless error can never be made the ground for reversing a decree or judgment.

Recurring to the bill and answer, it is apparent that there was no issue or controversy whatever between these parties except as to the amount of money the defendant should receive. He raised no objection at the time as to the sufficiency of the bill or failure to file it in apt time, nor did he set up any defense whatever against it. On the contrary, by his answer he stated his willingness to convey the property upon being properly protected by the decree of the court, and paid his charges against it. It is neither assigned for error nor claimed in the argument that the court did not allow him every cent that he was legally entitled to, and it appears from the record that he, by his assignee, has received payment of that sum in full. What difference can it make to him or to his assignee whether the money was raised by a sale of the property or paid directly by the complainants? Especially, how can the assignee complain of the decree authorizing the sale when the record shows that she voluntarily went into court and offered to buy less than the whole property for the whole amount of the decree, and did so, receipting in full to the master for such amount? We have been unable to find wherein plaintiff in error claims to have been deprived of any right, or has in any way suffered wrong by the decree which he seeks to reverse.

We do not base our judgment of affirmance upon the ground that there has been a release of errors, as might have been done if a proper plea of that kind had been filed in apt time, but upon the broader ground that no error is shown which, under the issues in the case, was prejudicial to the plaintiff in error.

The decree of the circuit court will be affirmed.

*Decree affirmed.*