DAVID STRAUSS, Intervener,
*v.*
CAROLINE TUCKHORN.

*Opinion filed December 16, 1902.*

1. REDEMPTION—*debtor may confess judgment to enable a creditor to redeem.* The owner of an equity of redemption may confess judgment for the express purpose of enabling the judgment creditor to redeem the premises, provided there is a *bona fide* existing indebtedness from him to such creditor.

2. JUDICIAL SALES—*purchaser at master's sale acquires no title, legal or equitable.* The purchaser at a foreclosure sale by the master acquires no title, legal or equitable, to the property, but merely the right to receive the redemption money, or a master's deed in case the property is not redeemed.

3. LACHES—*when relief against redemption is barred by delay.* Failure for over five years by the assignee of a certificate of purchase to attack a redemption of lands by a judgment creditor, with knowledge of the facts for such period, bars such assignee's right to have the redemption set aside and a master's deed executed to him.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This is an intervening petition, filed by the appellant, David Strauss, claiming to be the holder by assignment of the certificate of sale hereinafter mentioned, issued in a certain cause in the circuit court of Cook county, wherein Nathan Becker was complainant and Berman Friend and others were defendants, and wherein certain of the defendants, to-wit, Emma Engel, Goldie Cohen and Joel J. Jackson, filed a cross-bill against said Berman Friend. The petition asks the court to order the master in chancery, who made the sale under the decree hereinafter mentioned, to execute a master's deed of the property to the petitioner, David Strauss. Upon a hearing, appellant's intervening petition was dismissed for want of equity. The present appeal is prosecuted from such decree or order of dismissal.

In the cross-suit, so begun in said cause of *Becker* v. *Friend et al.*, by the filing of a cross-bill by Emma Engel,

Goldie Cohen and Joel J. Jackson, as above stated, a de-
cree was entered on January 20, 1891, and a supplemental
decree on June 29, 1891, and a further supplemental order
or decree on November 14, 1892, in pursuance whereof
one William Fennimore Cooper, a master in chancery,
sold the east twenty-five feet of lot 3 in block 42 in school
section addition to Chicago in Cook county, Illinois, on
February 25, 1893, to Sophia Solomon for $6404.43, she
being the highest and best bidder. The master thereupon
issued his certificate of sale or purchase, certifying that
said Sophia Solomon, her legal representatives or as-
signs, would be entitled to a deed of the said premises
on May 26, 1894, unless the same should be redeemed
according to law. This certificate of sale was assigned
by Sophia Solomon to the intervening petitioner, Da-
vid Strauss. The certificate of sale and the assignment
thereof to Strauss appear to have been recorded in the
recorder's office of Cook county on March 5, 1893. The
decree or decrees, under which the said sale was made,
came under the consideration of this court in the case of
*Friend* v. *Cohen,* 160 Ill. 185, and the decree of the circuit
court was there affirmed.

The original intervening petition of the appellant,
David Strauss, asking for the execution of the master's
deed to him, was filed on February 16, 1900. That pe-
tition was answered by the master, who disclaimed all
interest in the matter, and stated that some time in the
year 1894 he was requested by the solicitor of appellant
to make a deed in pursuance of said certificate of sale,
but declined to do so, because he had been notified by
Gabriel Norden, solicitor for other parties in interest
in the cause, that the said premises had been redeemed
from the master's sale at the sheriff's office of Cook
county; and that he, the master, then and there noti-
fied appellant's solicitor that, if the property had been
redeemed, he could not issue to him the master's deed.
On March 23, 1900, the appellant, David Strauss, filed

an amended and supplemental intervening petition, in which the appellant charged that he had investigated and inquired concerning the rendition of the judgment, under which such redemption had been made with the sheriff of Cook county, and had found "that the entire proceedings both in the obtaining of said judgment and the issuance of said execution and the attempted redemption thereunder, are wholly fraudulent and void, and that the same were taken with a preconceived intention, on the part of the said cross-complainants and their attorney and others interested with them, of harassing and defrauding your petitioner in securing a deed to said premises by virtue of the sale heretofore made by the said master, as aforesaid." The amended and supplemental petition further states, that the said cross-complainants, Emma Engel, Goldie Cohen and Joel J. Jackson, executed a judgment note, dated February 26, 1894, to the order of Gabriel J. Norden, for the sum of $1230.00; that thereafter on February 28, 1894, judgment by confession was entered upon said note in favor of said Norden in the superior court of Cook county for the amount due thereon, together with interest and costs, and an execution issued and filed with the sheriff; that, on May 23, 1894, the sheriff returned said writ no part satisfied; that on said May 23, 1894, an *alias* execution was issued and filed with the sheriff, and there was endorsed thereon an assignment, together with the certificate of the clerk of said superior court that said judgment was on May 23, 1894, assigned to Caroline Tuckhorn, the appellee herein. Under said judgment and execution the sheriff on May 23, 1894, levied on all the interest of said Emma Engel, Goldie Cohen and Joel J. Jackson in said premises; that the sheriff, by virtue of said writ and levy, on June 19, 1894, sold at public vendue said property for the sum of $7084.23, to Caroline Tuckhorn, said sum being the amount of redemption money, interest and costs to the day of sale, and that he issued a deed therefor to the

said Caroline Tuckhorn, etc.   The intervening petition further charges, that the execution of the judgment note was without any good or valuable consideration therefor.

Caroline Tuckhorn, the appellee herein, filed an answer to the amended and supplemental petition of the appellant; and in her answer she sets up the master's sale, as aforesaid, to Sophia Solomon for $6404.43; that the master distributed the proceeds of sale, paying to Sophia Solomon, as assignee of Berman Friend, the amount of the decree and interest, to-wit, $6124.20; that said master's report of the sale was on March 11, 1893, approved by the court; that on February 26, 1894, Engel, Cohen and Jackson, owners of the equity of redemption, executed said judgment note above described to said Norden for legal services; that judgment was entered upon said note; that Norden on May 23, 1894, assigned his judgment to Tuckhorn; that Tuckhorn, as assignee of said judgment, sued out an *alias* execution, and placed it in the hands of the sheriff; that the sheriff levied upon the premises under said execution, as already stated; that Tuckhorn paid to the sheriff the sum of $7042.03, the amount for which the premises had been sold at the master's sale with interest at the rate of eight per cent per annum from the date of the sale to the date of the redemption; that a certificate of redemption was duly issued by the sheriff and recorded; that the sheriff duly advertised the time and place of the sale of the premises, so levied upon by him under such *alias* execution, and sold the premises at public sale to Caroline Tuckhorn on June 19, 1894, for $7084.23, and executed a deed to her of the same date conveying the premises to her. The answer of the appellee further states that Sophia Solomon, upon such redemption being made by Caroline Tuckhorn, was entitled to the amount due upon said decree, and that the sheriff was ready to pay over the said amount to her, and has always been and is still ready to pay over to Sophia Solomon, or her assigns, the sums of

money coming to her as aforesaid; that David Strauss had not up to October 15, 1894, any right or interest in said decree or in said premises. The answer denies that said Strauss is entitled to a deed to said premises, or has any interest therein, and further denies that the redemption was made for the fraudulent purpose of clouding the title of the petitioner. The answer of Tuckhorn further avers that said Strauss is not the *bona fide* holder of said certificate, but that, if he had become such owner, it was after said Tuckhorn had become the owner of the property through the sheriff's deed executed to her; that she has been in the lawful possession of the premises since the execution of the deed to her by the sheriff. The answer further sets up that more than five years had passed after the period of redemption when David Strauss filed his petition; that she, Tuckhorn, took the proper steps to redeem the property as a judgment creditor, and petitioner was aware that appellee received a sheriff's deed on June 19, 1894.

STORY, RUSSELL & STORY, for appellant.

JOHN C. RICHBERG, and GABRIEL J. NORDEN, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The master's sale, referred to in the statement preceding this opinion, was made to Sophia Solomon, assignee of Berman Friend, on February 25, 1893, for $6404.43, which amount was distributed by the master; and afterwards the sale was confirmed by the court. The twelve months, during which Emma Engel, Goldie Cohen and Joel Jackson, the owners of the equity of redemption, were entitled to redeem the property from this master's sale, expired on February 25, 1894. No redemption was made from the master's sale by the owners of the equity of redemption. Under the statute, the judgment credit-

ors of such owners were entitled to redeem said premises at any time within three months after February 25, 1894, to-wit, up to and including May 25, 1894. .During the three months, and on February 28, 1894, a judgment by confession was entered in favor of Gabriel J. Norden against the owners of said equity of redemption, Emma Engel, Goldie Cohen and Joel J. Jackson. This judgment was assigned to the appellee, Caroline Tuckhorn, on May 23, 1894, and on that day an *alias* execution was issued, under which the sheriff sold the premises to Caroline Tuckhorn for the amount of the redemption money, interest and costs to date of sale, and a deed was duly issued to her by the sheriff, she having previously paid to the sheriff the sum of $7084.23, the amount for which the premises had been sold at the master's sale, with interest, etc. If the redemption made by the appellee, Tuckhorn, under her judgment, was a legal 'and valid redemption, then the appellant, David Strauss, as the assignee of the master's certificate of sale, was not entitled to a master's deed in accordance with the prayer of his intervening petition, and the court below committed no error in dismissing such petition.

Counsel for appellant seem to claim that there was some fraud in the confession of the judgment, because it was confessed for the express purpose of enabling the judgment creditor to redeem. But this court has held that a debtor may confess a judgment expressly for the purpose of enabling the judgment creditor to redeem, if there is a *bona fide* indebtedness existing and due to such creditor. The fact, that a debtor confesses judgment in favor of the creditor for the express purpose of enabling the latter to redeem, will not invalidate the redemption, if there is no fraud in the consideration of the note, upon which the judgment is entered. Even though the judgment is confessed for the purpose of creating a judgment, under which a redemption may be made, the redemption is not thereby made unlawful or inequitable. None of

the legal or equitable rights of the first purchaser are thereby violated. When Sophia Solomon purchased the land at the master's sale, she thereby acquired the alternative right either to receive the redemption money, which might be paid to the sheriff by Engel, Cohen and Jackson, in case they redeemed within the twelve months, or which might be paid by any junior judgment creditor after the expiration of twelve months and before the expiration of fifteen months; or, in case no such redemption should be made either by the owners of the equity of redemption or by any judgment creditor, then she had a right to a master's deed. But, by her purchase at the master's sale, she acquired no title to the land, either legal or equitable. (*Phillips* v. *Demoss*, 14 Ill. 410; *Martin* v. *Judd*, 60 id. 78; *Arnold* v. *Gifford*, 62 id. 249; *Karnes* v. *Lloyd*, 52 id. 113). We have said that "a liberal construction is to be given to our redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible." (*Whitehead* v. *Hall*, 148 Ill. 255). It makes no difference, therefore, that Engel, Cohen and Jackson may have confessed judgment in favor of their attorney, Norden, for the express purpose of enabling a redemption to be effected, provided there was a valid and legal consideration for the debt, upon which the judgment was confessed.

Testimony was introduced with a view of showing the consideration of the judgment note, executed by the owners of the equity of redemption to their attorney, Gabriel J. Norden. It is unnecessary to discuss or review this testimony at large. It is sufficient to say that, for some eight or ten years, Norden had been the attorney of these cross-complainants, Engel, Cohen and Jackson; that they were indebted to him for legal services, rendered in past litigation, and in litigation in reference to the property here in controversy. The legal services so rendered constituted a valid consideration for the judgment note, which was executed by them. It is un-

200—6

doubtedly true that, if a judgment be entered when no indebtedness actually exists, such judgment cannot be used for the purpose of effecting a redemption. (*Wetherbee* v. *Fitch*, 117 Ill. 67). But it is not true, as matter of fact, that here no indebtedness existed; on the contrary, as we read the evidence, there was a *bona fide* indebtedness existing from the owners of the equity of redemption to the creditor, in whose favor the judgment was confessed. The master in chancery, to whom the issue, made by the intervening petition and the answer of the appellee thereto, was referred, found that the judgment note was executed for a *bona fide* indebtedness, and we think that his finding is sustained by the proofs, accompanying his report. We are of the opinion, that the redemption, accomplished through the judgment, was a valid redemption, and that the master was justified in refusing to execute a master's deed to appellant.

The delay of appellant in filing his petition amounts to such *laches*, as fails to entitle him to the relief which he seeks. The fifteen months, allowed for the redemption of these premises, expired on May 25, 1894. The deed made to appellee, Tuckhorn, as the purchaser at the sheriff's sale, was executed on June 19, 1894. Appellant had notice within a very short time after the time of redemption had expired, if not at that time, that a redemption had been effected under the judgment entered in favor of Norden, and assigned to the appellee, Tuckhorn. He waited, however, until February 16, 1900, nearly six years after the time of redemption expired, before filing his intervening petition, or taking any steps to obtain a master's deed. The superior court, which rendered the judgment by confession, had jurisdiction over the subject matter and over the parties. There is no question in regard to its jurisdiction. All the presumptions are in favor of the validity of judgments by confession, as well as of other judgments, especially when, as is the case here, the judgment is collaterally attacked. (*Adam*

v. *Arnold*, 86 Ill. 185; *Thomas* v. *Mueller*, 106 id. 36; *Farwell* v. *Huston*, 151 id. 239; *Hansen* v. *Schlesinger*, 125 id. 230). If the judgment had been entered upon a note, which had no consideration, there is no reason why appellant should not have filed his bill or petition to set the judgment aside, as soon as he learned of the same. Section 30 of the chapter in relation to judgments provides that, when the premises, mentioned in any certificate of sale, shall not be redeemed in pursuance of law, the legal holder of the certificate shall be entitled to a deed therefor at any time within five years from the expiration of the time of redemption. The same section also provides that, "when such deed is not taken within the time limited by this act, the certificate of purchase shall be null and void; but, if such deed is wrongfully withheld by the officer whose duty it is to execute the same, * * * the time, during which the deed is so withheld, * * * shall not be taken as any part of the five years within which said holder shall take a deed." (2 Starr & Curt. Ann. Stat.— 2d ed—p. 2367). Here, the appellant waited more than five years before taking any steps to remove what he claims to have been a fraudulent judgment out of the way of obtaining his master's deed. Inasmuch as that judgment was properly rendered and was a valid judgment, the master's deed was not wrongfully withheld from the appellant by the master in chancery. Consequently, no deed can be issued upon the certificate of sale.

The money, paid by the appellee, Tuckhorn, to the sheriff, still remains in the sheriff's hands, as we understand the record, where the appellant may obtain it at any time. By taking the money, appellant will receive the whole amount, to which he is entitled by the terms of the certificate of sale held by him, together with legal interest thereon up to the time when the redemption under the judgment was effected. We cannot see that the effect of the redemption of the property under the judgment has worked, or can work, any serious injury to the

appellant, and though he does not get the land, he may, if he chooses, obtain the redemption money to which he is entitled.

The decree of the court below is affirmed.

*Decree affirmed.*