## Philetus Smith v. Gertrude Wehrheim.

### Gen. No. 12,380.

1. REDEMPTION—*assignee of judgment creditor has right of*. By the express provisions of the statute the assignee of a judgment creditor has a right of redemption.

2. REDEMPTION—*when dormant judgment sufficient to entitle to*. Where at the time of the filing of the bill to foreclose the judgment under which redemption is sought it was enforceable by execution, it is sufficient to predicate a redemption from the foreclosure sale where the owner of such judgment was not made a party to the bill and the rights of such owner were not fixed by the decree in such proceedings.

3. REDEMPTION—*how statutes providing for, construed*. Statutes providing for redemption are liberally construed.

4. FORECLOSURE—*when does not affect rights of judgment creditor*. Where the owner of a judgment is not made a party to foreclosure proceedings, his rights remain unaffected thereby.

Bill to redeem. Appeal from the Circuit Court of Cook County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded with directions. Opinion filed April 24, 1906.

**Statement by the Court.** There is no controversy as to the following facts shown by the record in this case.

The Euclid Avenue Savings & Banking Company, a corporation of Cleveland, Ohio, recovered a judgment in the Superior Court of Cook County, Illinois, against Otto Meinshausen for $1,482.24, with costs, on November 10, 1897. One original and two alias executions were issued on the judgment within a year after its rendition and delivered to the sheriff of Cook county, and were duly returned, no part satisfied.

December 12, 1898, Meinshausen paid on said judgment $757, and at the date of the decree in this case there was due thereon over $1,200. On November 28, 1898, the banking company assigned the judgment to Frederick E. Von Ammon; and the latter on December 11, 1900, assigned the same to Alfred Bucher, who assigned it to appellant January 23, 1904. None of these assignments was filed for record.

Smith v. Wehrheim.

On September 11, 1901, said Meinshausen purchased from appellee the premises in question at the price of $44,750 and received a warranty deed therefor. He paid at the time $8,000 on the purchase price and gave two notes for the balance, one for $8,000, due December 10, 1901, and one for $28,750, due September 11, 1906, both notes bearing interest at the rate of five per centum per annum. These notes were secured on the premises by a trust deed. The $8,000 note was paid at maturity. The interest due on the large note on March 11, 1902, was paid in part by Meinshausen, leaving a balance of $500 unpaid. Appellee, on July 1, 1902, filed her bill in the Circuit Court, in cause General No. 229,135, to foreclose the trust deed for the whole debt of $28,750, and interest; and such proceedings were had in that cause that on December 22, 1902, the premises were sold by the master in chancery to appellee for $30,950.34, the amount of the decree.

In the meantime on June 13, 1902, Edward G. Uihlein and Francis Lackner recovered a judgment against said Otto Meinshausen in the Circuit Court for $1,423.75 and costs. There was due on this judgment at the time of the decree about $700. An execution had been duly issued upon it. This judgment is now owned by appellee.

The banking company, Von Ammon, Bucher, appellant Smith, Uihlein and Lackner being judgment lien holders at the time the foreclosure bill was filed, were not made parties defendant.

The entire record in the foreclosure case in the Circuit Court, General No. 229,135, was offered and put in evidence before the master in chancery and is before us in this record.

No redemption was made from the foreclosure sale in said cause 229,135 by anyone.

Appellee on May 4, 1904, filed her bill in this cause making all of said lien holders and other persons defendants. Appellant answered, claiming the right to redeem from said foreclosure upon the ground that he is the holder and owner of the banking company judgment, a fact which is not questioned.

This cause was referred to a master in chancery to take proofs and report. While the cause was pending before the master the judgment of the banking company became dormant. The master reported that appellant had no right, title or interest in and to the premises or right of redemption from said sale. Proper objections and exceptions were filed before the master and in court by appellant. The court overruled his exceptions and entered a decree denying to appellant the right to redeem from the sale.

JAMES G. SKINNER, for appellant; STEPHEN S. GREGORY, of counsel.

C. A. WILLIAMS, for appellee; C. L. MAHONY, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The question presented by the record for decision is whether or not appellant as assignee of the banking company judgment has a right of redemption from the foreclosure decree under the statute, the judgment having become dormant some six months after the bill in this case was filed and before the decree was entered.

By section 1, chapter 77 R. S., it is provided that a judgment of a court of record "shall be a lien on the real estate of the person against whom it is obtained situated within the county for which the court is held, from the time the same is rendered or revived for the period of seven years and no longer," provided execution is issued on such judgment within one year after its rendition.

Section 20 of said chapter provides for redemption by a creditor, etc., after the year has expired in which the judgment debtor may redeem and within fifteen months after sale, and directs the manner in which the creditor may redeem. The assignee of a judgment creditor by the express provisions of this section may redeem. Sweezy v. Chandler, 11 Ill. 445; Herdman v. Cooper, 138 id. 583.

The banking company was a judgment creditor of Otto Meinshausen. Appellant was the owner by assignment of

that judgment, on the date of the filing of the bill in the case before us. Neither the banking company nor any owner of the judgment was made a party to the original bill to foreclose. The rights of the banking company and its assigns therefore remained unaffected in any way by the proceedings in the foreclosure case. Boynton v. Pierce, 151 Ill. 203; Richardson v. Hadsall, 106 id. 476; Rodman v. Quick, 211 id. 546; People v. Bowman, 181 id. 422.

The position of appellee is that appellant's right to redeem is purely statutory; that an execution must issue and be levied under the judgment, and because execution could not issue on the judgment at the time of the decree by reason of the lapse of seven years from its rendition, appellant ceased to be a redemption creditor on November 10, 1904, the day the judgment became dormant, and hence could not redeem from the foreclosure sale.

This position, in our opinion, is untenable. It is not contended that at the date of the filing of the bill in this case appellant was not in a position to redeem under the statute, but it is urged that the filing of the bill herein did not and could not extend the life of the judgment so as to continue its lien. It is unnecessary to hold that the filing of the bill herein had any such effect. It may be conceded, so far as this case is concerned, that it did not. But the equities of the parties to this proceeding as they existed when the bill was filed, May 4, 1904, should have been determined by the decree. Appellant and appellee's rights as they existed at that date were before the court, and mere lapse of time in the litigation while appellant was before the court constantly asserting his right to redeem could not affect his right. Nor was he bound to go outside this case and enter into any other litigation to preserve his right, while he was a defendant in this case in a court of competent jurisdiction to protect his right as against appellee who had brought him into court directly challenging that same right. When equity once takes jurisdiction, it grants complete relief. Pool v. Docker, 92 Ill. 501; Longshore v. Longshore, 200 id. 470. Had a proper decree been entered

promptly under either form of the relief prayed in the bill, appellant's right to redeem would have been preserved. Whether entered promptly or not, the decree should speak the rights of the parties as of the date of the filing of the bill, where, as in this case, the parties stood before the court asserting those rights until the decree was entered.

It is not necesssary to resort to construction of the statute of redemptions to make it cover and protect the right of appellant contended for in this case, for the reason that the right of an assignee of a judgment to redeem is there given in precise terms; but it has been repeatedly held that our redemption laws are to be liberally construed to the end that the property of a debtor may pay as many of his liabilities as possible. Redemptions therefore are looked upon with favor, and where no injury is to follow, a liberal interpretation of the statute will be given to effectuate that result. Boynton v. Pierce, *supra;* Schuck v. Gerlack, 101 Ill. 343; Whitehead v. Hall, 148 id. 253. Appellee purchased the premises at the sale under the foreclosure decree. In order to redeem, appellant would have to pay her all her debt, taxes, expenses, etc. How can appellee be injured by the redemption? This was all she took by her purchase at the sale. Strauss v. Tuckhorn, 200 Ill. 75; Karnes v. Lloyd, 52 id. 114; Phillips v. Demoss, 14 id. 409. True, appellee now has a master's deed, but she chose to take it in a proceeding where she failed to do a plain duty and make the banking company a party. If she had brought in the banking company, the right to redeem now held by appellant would have been foreclosed. She cannot now come into equity and ask relief without conforming to equitable principles, particularly where she will suffer no injury in so doing.

Inasmuch as the decree denies appellant's right to redeem, it is erroneous. The decree is, therefore, reversed and the cause is remanded with directions to enter a decree in accordance with the views here expressed.

*Reversed and remanded with directions.*