DAVID STRAUSS, Appellant, *vs.* JAMES H. GILBERT, Appellee.

*Opinion filed February 20, 1908.*

INTEREST—*when sheriff is not liable for interest on money held by him.* A sheriff is not liable for interest upon redemption money deposited with him while he holds the same in his official capacity as sheriff; nor, if he retains the money after his term of office has expired, can he be charged with any interest, provided he was at all times ready to pay it over on demand; nor can he be charged with interest after the date when he actually paid the principal sum to the proper persons. (*Mathewson* v. *Davis,* 191 Ill. 391, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

B. M. SHAFFNER, for appellant.

GEORGE GILLETTE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

David Strauss brought an action of assumpsit against James H. Gilbert to recover interest on the sum of $7042.03, redemption money which came into the hands of Gilbert, as sheriff of Cook county, for certain premises which he had levied upon and sold under execution. The jury was waived and the case submitted to the court upon an agreed state of facts. The court found for the defendant and rendered judgment against the plaintiff for costs. The Appellate Court for the First District has affirmed the judgment of the circuit court. Straus prosecutes this appeal.

The stipulated facts were as follows:

"David Strauss was the assignee of a certificate of sale in the case of *Becker* v. *Friend,* in the circuit court of Cook county, in which a decree was entered upon the cross-bill of Emma Engel, Goldie Cohen and Joel J. Jackson, January

20, 1891, and order November 14, 1892, under which sale by master Cooper of the east twenty-five feet of lot 3, in block 42, school section addition, February 25, 1893, to Sophia Salomon, for $6404.43, highest and best bidder, certificate issued certifying that she or her assigns would be entitled to a deed May 26, 1894, unless the same would be redeemed according to law. The certificate assigned to David Strauss and recorded March 5, 1893. Decree affirmed in 160 Ill. 185. Intervening petition by Strauss filed February 16, 1900, asking execution of master's deed. Answer and disclaimer by master, stating that some time in 1894 a deed was requested and refused because he was notified by Gabriel Norden, solicitor for other parties, that premises had been redeemed at sheriff's office. May 23, 1900, Strauss filed an amended and supplemental petition, charging the obtaining of judgment and issuance of said execution and attempted redemption were fraudulent and void, and taken with a preconceived intention on the part of the cross-complainants and their attorney of harassing and defrauding the petitioner; that a judgment note for $1230 was executed by Engel, Cohen and J. Jackson, owners of equity, February 26, 1894, to Norden for legal services; that February 28, 1894, judgment was entered and execution filed with sheriff; that judgment was assigned by Norden to Tuckhorn May 23, 1894. *Alias* execution levied upon premises, and on June 19, 1894, sheriff sold same to Tuckhorn for $7084.23, amount with interest from date of sale to date of redemption, and executed his deed of the same date conveying the premises to her. Tuckhorn filed an answer setting up a master's sale to Sophia Salomon for $6404.43, also execution of judgment note to Norden, rendition of judgment and placing execution in hands of sheriff. Assignment of judgment to Tuckhorn and purchase by her at sheriff's sale for $7084.23 and receiving deed of premises. The twelve months for redemption from master's sale expired February 25, 1894. No redemption was

made. The levy and sale occurred within the three months additional for judgment creditors to redeem. Upon hearing, the petition of Strauss was dismissed, and this order was affirmed upon appeal, December 16, 1902, in the case of *Strauss* v. *Tuckhorn,* 200 Ill. 75; that at the time of said redemption the sum of $7042 was placed in the hands of James H. Gilbert, the defendant, and he continued to be said sheriff until December 1, 1894; that thereafter he ceased to be sheriff, his term having expired, and one James Pease duly qualified as and became successor and took possession of the office; that said Gilbert retained in his possession said moneys so paid on said redemption; that on January 19, 1903, written demand was made by Strauss for the $7042.03 and interest at five per cent from December 1, 1894, upon said Gilbert, and on January 20, 1903, Gilbert paid over to said Strauss the principal sum of $7042.03 but refused to pay said interest. Said payment was made by personal check (certified) of the said Gilbert, drawn on the Garden City Trust and Savings Bank, of which said Gilbert was president, and which said check was paid. Upon said demand Strauss delivered to said Gilbert master's certificate of sale and signed and endorsed receipt on the back thereof for $7042.03. Certificate of William Fenimore Cooper, master, that in pursuance of a decree entered June 29, 1890, and supplemental decree entered June 29, 1890, and supplemental order November 14, 1892, he duly advertised, etc., and sold said premises to Sophia Salomon for $6404.43, etc., the highest and best bidder for cash, and that she would be entitled to a deed May 26, 1894, unless the same should be redeemed. Endorsed assignment to David Strauss; also endorsed receipt from James H. Gilbert, late sheriff, for $7042.03, being the moneys held by him in payment of the redemption on account of sale mentioned within; also endorsed filed for record March 5, 1893, at three o'clock P. M., book 4207 of records, page 441. It is further stipulated that on June 20, 1894, Gilbert deposited

said money in the Metropolitan Bank, in which he deposited all moneys received by him as sheriff, together with all received on his personal account, and that the sum of $7042.03 was included in deposit of $10,848.72 of that date; that Gilbert continued this account until January 14, 1895, when it was transferred to the Garden City Bank, of which he was president and a large stockholder, and so remains, the name of said bank having been changed recently to the Metropolitan Trust and Savings Bank; that during the greater part of the period since June 19, 1894, the balance on deposit to the credit of the said Gilbert exceeded the sum of $7042.03 and during the balance of the time was less; that said amount was a personal checking account, and that said sum of $7042.03 was deposited to the personal account of the said Gilbert and mingled with his personal funds as well as moneys collected by him as sheriff; that during all of said time said Gilbert was ready and willing to pay said sum of $7042.03 to Strauss, or the holder of said certificate, upon request; that he was able at all times to pay and said bank stood ready to honor his check for said sum; that no demand was ever made by Strauss, or his assignor, Sophia Salomon, until January 19, 1903, to pay said money or any part thereof, or make any disposition thereof. It is stipulated and agreed that the case may be tried upon the foregoing statement of facts."

The only question open for a consideration in this court is whether the court erred in refusing to hold certain propositions of law submitted by appellant. The refused propositions are as follows:

1. "The court, upon facts submitted herein, holds, as a proposition of law, that the plaintiff is entitled to recover of the defendant as interest on or for the use of the money, on the amount of $7042.03, from the 20th day of June, 1894, until the date of the finding herein.

2. "The court further holds, as a proposition of law, that it was the duty of the defendant, at the time that his

term of office as sheriff ended and his successor elected and qualified, to turn over all moneys to such successor that he, defendant, held in his official capacity as late sheriff, and having failed so to do and mingled the sum of $7042.03 with his own moneys it amounted to a conversion, and the plaintiff is entitled to recover of the defendant interest at the rate of five per cent from the 20th day of June, 1894, until the date of the finding herein.

3. "The court further holds, as a proposition of law, that the plaintiff is entitled to recover of the defendant any moneys that the sum of $7042.03 earned whilst in the hands of the defendant from the 20th day of June, 1894, until the date of the finding herein."

The court did not err in refusing to hold the foregoing propositions, each of which declared that appellant was entitled to interest on the sum of $7042.03 from the 20th day of June, 1894, until the date of the finding. The date of the finding was March 29, 1906, which was about three years and three months after appellee had paid the principal sum in full. Certainly, in no view would appellee be liable for interest after he had paid the principal sum. Each of said propositions was erroneous in another respect. By each of them the court was requested to hold that appellee was liable for interest from the 20th day of June, 1894. Appellee was on that date sheriff of Cook county, and continued to be until December, 1894. Appellant's contention is that it was appellee's duty to pay this redemption money to his successors upon the expiration of his term of office, and that a failure to do so amounted to a conversion of the fund, which rendered appellee liable for interest. Whatever view may be entertained with respect to appellant's contention in this regard, there is no reasonable theory upon which appellee could be charged with interest for the time he held the funds as sheriff. Neither of the propositions of law submitted by appellant was sufficiently accurate in the facts recited to preserve for review the question argued in ap-

pellant's brief.   Aside from this, we agree with the Appellate Court that the case was properly decided upon its merits under the decision of this court in *Mathewson* v. *Davis,* 191 Ill. 391.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*