Zachias Twyman, Appellant, *vs.* Clarissa Baldwin *et al.* Appellees.

*Opinion filed December 17, 1913.*

1. Redemption—*what right is acquired by purchaser at sale.* The purchaser at a sale under an execution acquires only a right to receive the redemption money if it should be paid or a sheriff's deed in case the property is not redeemed.

2. Same—*when mistake in amount of certificate should be corrected in equity.* Where the deputy sheriff by mistake inserts in the certificate of purchase a smaller amount than was paid at the sale and the holder of the equity of redemption redeems on such certificate without knowing of the mistake and without any fraud or negligence, a court of equity should correct the mistake by granting leave to perfect the redemption upon payment to the sheriff of the full amount paid at the sale, with interest.

APPEAL from the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding.

S. B. TURNER, and HARTZELL, CAVANAGH & BABCOOK, for appellant.

J. W. CLENDENIN, and C. M. HUEY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 29, 1910, the sheriff of Warren county, by a deputy, sold several lots in South addition to Monmouth under executions issued on judgments against the appellee Ransom D. Bowlby. The appellant, Zachias Twyman, bought lot 5 in block 15, and the appellee Clarissa Baldwin, through her son-in-law and agent, the appellee George E. Cox, bought lots 4 and 8 in the same block. The appellant bid for lot 5 $230, but in making out the certificate of purchase the amount was stated to be $200 through an error of the deputy in giving the amount to Cox, who by his request filled up the certificates. On September 9, 1910, Mrs. Baldwin purchased the equity of redemption in the three lots from Bowlby, paying therefor $150. On December 10, 1910, she paid to the appellee W. T. Fitzpatrick, who was then sheriff, $211 to redeem lot 5, being the amount named in the certificate with six per cent interest, and she received from the sheriff a certificate of redemption. The appellant refused to receive from the sheriff that sum, and on October 3, 1911, he filed the bill in this case, asking the court to correct and reform the certificate of purchase so as to show the purchase price to be $230 and to set aside the certificate of redemption, or that Mrs. Baldwin and Cox should be required to pay him the actual amount paid at the sale, with the legal rate of interest thereon. The bill was answered and the issues were referred to a master in chancery, who found the equities

with the appellee Mrs. Baldwin. On a hearing of exceptions to the report the court declared Mrs. Baldwin the owner of the premises, and gave her leave to perfect the redemption by paying to the sheriff, within thirty days, the full sum of $230, with interest from the day of sale, and directed the sheriff, upon such payment, to execute a deed to her, but on failure to make the payment the sheriff was ordered to execute a deed to the appellant.

By his purchase the appellant acquired only a right to receive the redemption money if it should be paid or a sheriff's deed in case the property was not redeemed. (*Strauss v. Tuckhorn*, 200 Ill. 75.) The alternative prayer of his bill was for the payment of his bid, with interest, and the decree gave him that relief by requiring Mrs. Baldwin to pay the money to the sheriff for his use. His complaint is that the court refused to give him the lot, and his claim is that the payment to the successor of the sheriff who made the sale, of the full amount named in the certificate of purchase, with interest, gave Mrs. Baldwin no right, because there was a mistake in the certificate, and that he was not required to look to the former sheriff, who still had $30 of his money. Assuming for this case, but not saying, that the claim is right as a proposition of law, there was a mistake which it was the duty of the court to relieve against. The mistake was made without fraud or negligence on the part of Mrs. Baldwin or her agent, and neither had any knowledge of the mistake at the time of the redemption, as the proof shows. The appellant was not entitled to a greater measure of relief than he obtained.

The decree is affirmed.        *Decree affirmed.*