| 53 | 233 |
| 162 | 564 |

# EDWARD WILLIAMS *et al.*

*v.*

# DILL WIGGAND *et al.*

1. PARTITION—*who entitled thereto.* A partition of lands, among several joint owners, will not be made, unless those by whom the partition is sought have a legal title to the portions claimed by them. A party who has a mere equitable right to a conveyance of an undivided interest, is not in a position to ask a partition.

2. SAME—*specific performance and partition in the same suit.* A party having a right to a conveyance for an undivided interest in land, may obtain the legal title under a decree for a specific performance, on a bill filed for that purpose, and which, no doubt, might also contain a prayer for partition, in case a specific performance should be decreed. But where the sole purpose of the bill is for partition, it can not be allowed merely on proof that the complainant is entitled to a conveyance.

3. HEIRS—*when not bound by settlement of the administrator.* A party claiming an interest in land, sought partition thereof against the infant heirs of the party with whom he had the transaction, alleging he was entitled to a certain undivided interest, upon his performing certain conditions, with respect to which he had made a settlement with the administrator of the estate: *Held,* the infant heirs, not having been parties or privies in any way to such settlement, were not bound by it, and it could not be evidence against them in that suit.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. CHARLES EMERSON, Judge, presiding.

This was a suit in chancery, instituted in the court below by Wiggand and Hatch against the infant heirs at law and the administrators of Edward Williams, deceased, for the partition of certain real estate, in which the complainants claim an undivided interest.

It appears, from the allegations in the bill, that the complainants and Edward Williams, in 1856, entered into copartnership for the purchase of certain lands, a part of them being those mentioned in the bill, and of which partition is

sought; that, by the terms of the partnership, the complainants were to take charge of the lands, and Williams to furnish all the money to pay for them. The legal title to all the lands purchased was taken in the name of Williams, and, upon being reimbursed one-half the money paid upon the purchase, he was to convey an undivided half interest to the complainants. The bill alleges that Williams died without having conveyed to complainants their interest in the lands. It is further alleged, that since the death of Williams, a settlement of the matters of the partnership concerning these lands, has been had between complainants and the administrators of Williams, in the orphan's court, in Baltimore, in the State of Maryland, by the terms of which complainants were to pay to the estate a certain sum, and were to have a deed for their undivided half of the lands, and that the money has all been paid. No conveyance, however, has ever been made to complainants, nor were the heirs at law parties or privies to such settlement.

This is the state of the case, substantially, upon which the complainants seek a partition of these lands. The court below decreed a partition, as prayed. The defendants thereupon sued out this writ of error.

Messrs. Lodge & McWilliams, for the plaintiffs in error.

Messrs. Stuart, Edwards & Brown, for the defendants in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was a bill in chancery, in the circuit court of Piatt county, exhibited by Dill Wiggand and Ira W. Hatch, against Edward Williams and John F. Williams, infant heirs at law of Edward Williams, deceased, who died intestate, and Mayberry Goheen and Susan Williams, his administrators, for a partition of certain lands situate in Piatt county.

The complainants claim each one undivided fourth part of the lands, under a verbal agreement with the deceased Williams, who, it appears, purchased and paid for the lands, receiving deeds therefor in his own name. The prayer of the bill is for a partition of these lands, and a decree passed as prayed.

The infant defendants, by their next friend, sued out this writ of error to reverse the decree, and the administrators join in the writ.

Very many errors are assigned, which need not be noticed severally. In the view we have taken of the case, there is a radical defect in the proceedings, which must reverse the decree, and that is a want of legal title in complainants to any part of the land sought to be partitioned.

The bill sets up a parol agreement with the deceased, in his lifetime, to convey the lands, on certain terms and conditions, but contains no prayer for a specific performance of the contract, but asks the court, on the proof of such a parol agreement, to appoint commissioners to divide the lands. This action is premature. A decree should first be had for a specific performance, on a bill filed for such purpose, and which, no doubt, might also contain a prayer for the partition of the lands, in case a specific performance should be decreed.

Here is an application to divide the lands before complainants have established any title to them, and this against infant heirs, and on testimony which they have had no opportunity to controvert, and no notice that a specific performance of their father's contract was sought by the bill.

The proceedings had in the probate court of Baltimore, in the State of Maryland, between complainants and these administrators, were not binding on these infants, they having had no notice.

The land, of which it is sought to divest these infants, is of great value, worth, as we should infer from the testimony, at least forty thousand dollars, and to which their deceased father held a perfect legal title. This is the estimated value

of one-half the lands, the other half being of equal value, the entire estate being of the value of eighty thousand dollars, complainants claiming one-half. To permit one-half of it to be taken from these infants, on a bill for a partition merely, and on the strength of proceedings in another State, which they have had no opportunity to contest, would be doing them great injustice.

We do not doubt the power of a court of chancery to enforce the specific performance of a parol agreement for the sale of lands, but the evidence to warrant it, must be of a convincing character, and sufficient to take it out of the statute of frauds and perjuries. If it is sought against infants, they must be parties to such a proceeding, and the case must be clear.

We do not think, under this bill to partition these lands, there being no prayer for a specific performance of the alleged parol agreement, the court could render a decree of partition. Such action should follow, not precede, action for a specific performance.

This decree appears to have been rendered in the absence of exhibits, on a settlement alleged to have been made with the administrators of Williams, in a court in Baltimore, with complainants. The infant defendants not being parties or privies in any way to such settlement, it can not be evidence against them, certainly not to justify a decree against them by which they will be divested of property of the value of forty thousand dollars.

The decree must be reversed.

*Decree reversed.*