(No. 24093.—

SAMUEL HARRIS, Appellant, *vs.* THE INGLESIDE BUILDING CORPORATION *et al.* Appellees.

*Opinion filed February 15, 1939.*

618.

MAURICE L. DAVIS, for appellant.

JULIUS GREENBAUM, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Samuel Harris has appealed from a decree of the circuit court of Cook county dismissing his amended complaint for partition of certain real estate for want of equity. Appellees' motion to strike the complaint raised two points: (1) That it did not show appellant had a legal interest in the property and, (2) that the complaint did not show appellant owned the property either as a joint tenant, tenant in common or co-partner, but, on the contrary, showed that he had no interest in the premises.

The amended complaint alleged that Julius M. Kahn owned the real estate in 1926, subject to a trust deed which secured bonds totaling $45,000. On default, the trustee foreclosed the trust deed. The decree of foreclosure and sale was rendered on May 4, 1935, and the property was sold by the master in chancery on June 3, 1935. All the unpaid bonds and coupons had been deposited with Victor Springer by the owners thereof. He was to bid in the property and, as trustee, bought it for $25,000 and received the

master's certificate. The plaintiff alleged on information and belief that no agreement was ever made *at and prior to the deposit* between the bondholders and Springer, for any disposition of the master's certificate. However, it is alleged that on September 23, 1936, shortly after the Ingleside Building Corporation was organized, Springer assigned the certificate to it. The property was not redeemed, and either Springer or the corporation surrendered the certificate, and a master's deed was issued to the appellee corporation. This deed was recorded September 30, 1936. Plaintiff alleged that "he is the owner and holder of bonds numbered 16 and 53 described in the trust deed * * * and of the interest coupons evidencing the installments of interest due thereon on April 15, 1932, October 15, 1932, and April 15, 1933. Such bonds are in the principal amount of $500 each, and such interest coupons are in the amount of $17.50 each. The plaintiff has been the owner and holder of said bonds and said interest coupons and of every right and interest accruing thereunder, continuously from a time prior to September 2, 1936, to the present time." Plaintiff's holdings represent two seventy-firsts of the total indebtedness secured by the trust deed. The complaint then alleged: "The plaintiff by reason of his ownership and holding of the said bonds * * * and of every right thereunder, continuously from a time prior to September 2, 1936, until the present time, was entitled to a beneficial interest to the extent of two seventy-firsts in the hereinbefore described certificate of sale issued to the said Victor Springer, as trustee."

Plaintiff alleged, also, that neither he nor any of the prior owners of his bonds ever consented to or acquiesced in the assignment by Springer of the master's certificate to the corporation, and alleged, on information and belief, that the remaining bondholders did acquiesce, and that appellee corporation took the said certificate "with full knowledge of the duties and obligations on the part of the said Springer,

trustee, toward the holders of all the bonds and interest coupons which had been delivered to the said Springer to enable him to make his bid in the master's sale  *  *  * and with full knowledge of all the matters alleged in this complaint." Then follows the allegation that by reason of all the matters set forth plaintiff was entitled to an undivided two seventy-firsts interest in the real estate, that appellee corporation was the owner of the remaining sixty-nine seventy-firsts, and prayed partition thereof.

Section 1 of the Partition act (Ill. Rev. Stat. 1935, chap. 106, par. 1) provides that "when lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or co-parcenary, whether such right or title is derived by purchase, devise or descent  *  *  *  any one or more of the persons interested therein may compel a partition thereof by complaint in chancery, or by petition in the circuit court of the proper county," etc. This is declaratory of the law as it existed before the statute, as partition was permissible both at law and in equity at common law. (*Hill* v. *Reno,* 112 Ill. 154; *Labadee* v. *Hewitt,* 85 id. 341.) There is nothing in the statute that bars partition of an equitable estate. Statements are found to the effect that a legal title is necessary before a partition may be had, but an analysis of the cases shows many instances where the title was not legally vested in the parties, in which the court took jurisdiction. (*Williams* v. *Wiggand,* 53 Ill. 233; *Johnson* v. *Filson,* 118 id. 219; *Bissell* v. *Peirce,* 184 id. 60; *Hill* v. *Reno, supra; Fox* v. *Fox,* 250 Ill. 384; *Ashton* v. *Macqueen,* 361 id. 132.) When these cases are examined it will be found that they are not at variance with principles announced in *Clarke* v. *Clarke,* 349 Ill. 642, *Shoup* v. *Cummins,* 334 id. 539, and *Kirk* v. *Kirk,* 325 id. 296. In the *Clarke case* plaintiff claimed partition of real estate through heirship. The defendant opposed this with a claim of title based upon a deed from one co-tenant conveying the entire estate, coupled with a claim of adverse possession for the

requisite length of time. After finding the defense was not established the court said: "It is not required that one must have complete and perfect record title in order to maintain a partition proceeding. The rule is that he must have a legal title as distinguished from an equitable title. [Citing cases.] The title of the co-tenants to the land is sufficient to predicate a suit for partition." In the *Shoup case* the question was not involved, as the question there decided was that, in partition, only the persons interested in the land, and no other persons, are proper parties, and all the parties must be co-tenants of all the lands partitioned, except where derived from co-tenancy as a common source of title. In the *Kirk case,* where a plaintiff filed suit for partition and alleged a title based upon a trust agreement, the court, at page 306, said: "A legal title is necessary to enable the complainant to have partition. An equitable right to a conveyance of an undivided interest is not sufficient. A person having a contract for the conveyance of an undivided interest in land, which he has completely performed, cannot have a partition on that title but he may have a decree for specific performance and then have partition of the lands. It is not essential, however, that he obtain a specific performance in one suit and then bring another for the partition of the lands. * * * Here the appellant seeks to set aside the deed made by her predecessor in title which constitutes a cloud on her title. With that deed out of the way her title is perfect, and she may have the cloud removed and partition in the same suit."

In most of the cases first mentioned, where partition was actually awarded, the pleadings disclose that the interested parties had an estate which was equitable in its nature at the time the suit was filed, but in the decree, itself, a finding was made that they were entitled to the property, and thus a legal estate was created by decree, and partition awarded in the same proceeding. This is stated to be the correct practice. *Williams* v. *Wiggand, supra; Johnson* v.

*Filson, supra; Reynolds* v. *McCurry,* 100 Ill. 356; *Ellis* v. *Hill,* 162 id. 557.

Section 39 of the Partition act provides that controverted titles may be settled and clouds removed, but at common law the only ones entitled to partition were co-parceners who derived a legal title by heirship directly from their ancestor, and title was vested without conveyances. A decree in equity did not have this effect until a statute was enacted for such purpose. (*Walters* v. *Walters,* 132 Ill. 467.) It appears, therefore, that the plaintiff in such a suit must either allege facts showing a legal estate in himself at the time of filing the complaint, or allege facts which show he is the equitable owner, with such additional circumstances as would justify a court of equity in vesting in him a legal estate by decree of court, which in the same proceeding may be made the subject of partition and division among the interested parties.

An equitable title, however, does not necessarily mean that it may be partitioned, because there are many situations where it is refused from equitable considerations. For example, a title held subject to an active trust, (*Burbach* v. *Burbach,* 217 Ill. 547,) or legal or equitable titles held upon an agreement not to partition. (*Arnold* v. *Arnold,* 308 Ill. 365.) An equitable title that may have existed of record but which has lost force or merit in a court of equity at time of filing the complaint may not be partitioned. *Fitch* v. *Miller,* 200 Ill. 170; *Wood* v. *Sheffer,* 248 id. 617.

The facts, here, show that all of the bondholders deposited their securities with Springer, trustee, before the sale. The terms of the agreement are not set out, and only the averment made that Springer "bid at said sale on behalf of all persons depositing." This statement certainly shows the bondholders were all acting together, and certainly authorized Springer to take the certificate of sale and accept the redemption money if paid by the mortgagor. It amounted to an implied agreement to hold the property

together for the benefit of all bondholders, at least until the deed was issued. (*Whitaker* v. *Scherrer*, 313 Ill. 473.) This agreement was binding upon the assignees of the depositing bondholders, and since the plaintiff was not an owner at the time of the depositing of the bonds, he could only enforce the rights of the original depositors. What these rights are does not appear in the complaint, except as stated above.

The plaintiff, however, is not claiming any rights against Springer, trustee, but against the Ingleside Building Corporation, the transferee. The former was invested with the legal title to the certificate of sale and had power to convey to another. (*Franklin Savings Bank* v. *Taylor*, 131 Ill. 376.) He may do this even in violation of the trust, and the purchaser acquires a good title if acting in good faith, and the remedy is then against the trustee. (*Randolph* v. *Hinck*, 288 Ill. 99.) If such purchaser has notice he then becomes a trustee himself. (Perry on Trusts, (7th ed.) sec. 334.) The purchaser is presumed to have purchased for value. *Anthony* v. *Wheeler*, 130 Ill. 128.

The complaint alleges that the Ingleside Building Corporation took the certificate of sale and title with knowledge of the duties and obligations of Springer to make the bid and of all matters stated in the complaint, among which was that Springer had no agreement with the bondholders, prior to the deposit of the bonds, as to the disposition of the certificate of sale. While the plaintiff alleges he purchased the bonds and all rights accruing thereunder, he does not allege he acquired such bondholders' interests and rights in the certificate of sale, itself. The bonds could be used as a basis of a suit against the maker for the unpaid portion of the principal debt, (*Strause* v. *Dutch*, 250 Ill. 326,) shown, in this instance, to be about $20,000, and, without additional facts stated in the complaint, no more than this right appears to have been transferred, as a sale of the security discharges the bond only to the amount realized.

(*Strause* v. *Dutch, supra.*) Therefore, unless the plaintiff acquired the right of the original bondholder in the certificate of sale, the further allegation in the complaint that his assignor did not consent to the transfer of the certificate of sale to the Ingleside Building Corporation, does not show any breach of trust as to the rights not represented by the certificate of sale itself.

The allegation that the plaintiff acquired the bonds and every right accruing thereunder raises another question. A debt evidenced by a note or bond secured by mortgage is represented by the judgment obtained, on which a decree of sale of the security is entered to satisfy the same. The interest of the holder of a bond or note during the period of redemption is in the proceeds of the sale, whether it is money, a certificate of sale or a deficiency judgment, if any, (*Strauss* v. *Tuckhorn,* 200 Ill. 75; *Reed* v. *Behm,* 364 id. 399;) and whether the transfer of a note or bond after sale would operate as an assignment of the fund, judgment or the real estate, after a master's deed was issued, necessarily depends upon circumstances. If delivered for the purpose of making a complete assignment of all interests in the amount to be obtained from any source, and such fact is known to the trustee, or master, no doubt it would be evidence of an equitable assignment, but, likewise, no doubt the interest in the certificate of sale, or judgment or money, could be assigned separately from the rights represented by the unpaid portion of the debt, by other means, and if such other means were used before the transfer of the note or bond, the rights of the respective assignees of the fund, and of the assignees of the balance due on the note or bond, would have to be determined in a proper proceeding for that purpose.

A partition suit is primarily a proceeding to sever interests in real estate, and the quieting of title and the determining of interests are ancillary thereto. (Ill. Rev. Stat. 1937, chap. 106, sec. 39.) However, there must be a meri-

torious title,—*i. e.,* the allegations must show that, in equity, plaintiff is entitled to the estate claimed. In *Ellis* v. *Hill, supra* (followed in *Kirk* v. *Kirk, supra*) it is held that if the equity claimed was based upon an oral contract to hold land in trust, no interest was obtained which was subject to partition, because such a trust is void.

All of the facts alleged in the complaint in this case, and admitted by the motion to strike, in view of the foregoing, do not show that the plaintiff has legal title or an equitable title in real estate, but, at most, has an equity subject to the proof of other facts necessary to show he should be decreed a title by the court against the defendant, or to show he has the rights held by the depositing bondholders in the certificate of sale.

It is apparent the original holders of the bonds, by depositing them with Springer, trustee, intended to avoid the difficulties of becoming part owners of a certificate of sale, and the facts alleged in the complaint are not sufficient to show that the plaintiff, at the time of filing his suit, has acquired title to anything sufficient to defeat this agreement, when a deed was issued on the certificate. If all of the facts properly pleaded are admitted, they do not overcome the presumption that Ingleside Building Corporation is an innocent purchaser of the certificate, for value, nor do they show by a clear and express allegation, that the plaintiff purchased the rights of the original bondholders in the certificate of sale. A motion to dismiss or strike does not admit conclusions but only matters well pleaded. (*Martin* v. *McCall,* 247 Ill. 484; *Ryan* v. *City of Chicago,* 369 id. 59.) This case is unlike the *Macqueen case, supra,* where the relief was based upon an express trust in writing which had terminated by lapse of time, and which, for that reason, became the basis of partition.

A complaint for partition which contains no allegation of facts showing the plaintiff has any right, as heir or otherwise, is subject to demurrer. (*Moroney* v. *Haas,* 277 Ill.

467.) There is nothing in the Civil Practice act that changes this rule. That act (Ill. Rev. Stat. 1937, chap. 110, sec. 31, par. 155) abolishes the distinction between actions at law or in equity but that section provides, "but this section shall not be deemed to affect in any way the substantial averments of fact necessary to state any cause of action at law or in equity."

The decree of the circuit court was right, and it is, therefore, affirmed. *Decree affirmed.*