Bernard J. Delihanty, Appellee, v. Elizabeth M. Dille et al.
Phillip M. Fisher and Phillip A. Odell, Appellants, v. Bernard J. Delihanty et al., Appellees.

Gen. No. 9,794.

 Heard in this court at the May
term, 1942. Opinion filed August 21, 1942.

SIDNEY E. BASKIN, of Joliet, for appellants.

FRANK J. JONES, of Joliet, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Bernard J. Delihanty who was the plaintiff in the trial court, filed a complaint in equity, for a partition of a tract of real estate located in Joliet, Will county, Illinois. His interest was acquired through purchase of $18,000 of a $30,000 mortgage loan executed in 1927, by Catherine McCracken and her children. In 1932, the McCracken family conveyed their equity in the said premises to John F. Ruva, as trustee for the holders of the notes represented in said loan. Through mesne conveyances from John F. Ruva, the record title passed to Elmer O. Grohne and M. H. Hollingsworth, who still hold the record title to said premises. In the partition suit they were sued as trustees, and were defaulted at the trial. They testified that they had no claim or personal interest in the real estate, but admitted the trust.

The second class of defendants were tenants, all of whom were defaulted. Five members of the Catherine McCracken family who owned the real estate, prior to the conveyances above referred to, were made parties defendant. All filed their answers and their counsel attended the trial. Their answers as amended, confessed each and every allegation of appellee's complaint. The remaining defendants, namely, Elizabeth M. Dille, Sylvia M. Elwood, Louis Meader, Jr., James E. Newkirk, Leafie Paige, George C. Brethauer, and the appellants, Phillip M. Fisher and Phillip A. Odell, were interested because of their ownership of

that portion of the $30,000 mortgage loan referred to above, aggregating $12,000, which was not owned by the appellees.

The complaint set forth that they were beneficial owners of the real estate equally with appellee, in proportions which their several ownerships of the mortgage loan bore to the entire issue. With the exception of the appellants, Phillip M. Fisher and Phillip A. Odell, and one other owner, all of these beneficial owners were defaulted at the trial. The other owner was John M. Weese, executor, who filed an answer, but did not appear in person, or by counsel at the trial. His note had been deposited with the others. All the notes of the $30,000 issue, including appellants' were introduced in evidence without objection.

The appellants' interests were not disclosed until the trial of the case. Previously the ownership of $4,000 worth of notes owned by the appellants had been claimed by Betty Colona, a stenographer employed by the Hon. Sidney E. Baskin, the attorney for the appellants. When it developed that Phillip M. Fisher and Phillip A. Odell were the real parties in interest of the notes held by Betty Colona, they were granted leave to be made parties defendant. They filed their answers, and adopted all of the former pleadings filed by Betty Colona, and stipulated that they would be bound by all the evidence heretofore taken in the trial of the case. In the proceedings, was a countercomplaint filed by Betty Colona in which she asked that the trial court hold that the notes held by her, should be declared as a first lien on the premises in question, and prior to all other liens or holders of the $30,000 mortgage notes.

It is conceded that by the deed of March 10, 1932, to John F. Ruva, the Catherine McCracken family divested themselves of, and vested title in a trustee for the benefit of all holders in the $30,000 mortgage notes except appellants, and that thereby such owners acquired a beneficial ownership of the property; that

appellee is entitled to a partition decree, and that the appellants do not object to the trial court's action ordering a partition of the premises; that the McCracken family have no interest in the property; that the deed to Mr. Ruva effected as what is termed a "merger," of the fee and the mortgage, as to all of the holders of the $30,000 mortgage issue. It was further stipulated that such fellow owners agreed to accept the property, and liquidation of the debt. This, of course, does not apply to the notes held by the appellants. It is also admitted that the trust agreement set no definite time for the sale of the property, or for its own determination.

The four notes, each for $1,000 each a part of the $30,000 issue, above described, now owned by the appellants, were never deposited with the Illinois Security Company, the depository, because appellants say that they were not parties to the arrangements by which the other holders accepted title to the mortgage premises by a deed from the McCracken family to Mr. Ruva, and that they did not thereby acquire beneficial proportionate ownership in the real estate, but that their notes retained their mortgage character, and that appellants should now have a first lien to the extent of the principal and accrued interest on the proceeds of the sale of the property.

In 1927, the real estate involved, was owned by Catherine McCracken and her sons. In that year they conveyed it by trust deed to secure twenty-two notes aggregating $30,000. The loan was underwritten by the Commercial Trust and Savings Bank of Joliet, which bank merged with the First National Bank of Joliet in 1929. All real estate loans of the latter bank were serviced by Woodruff Securities Company, an affiliate, which later changed its name to Illinois Securities Company.

Five days before the maturity of this loan, the Catherine McCracken family informed Mr. C. J. Graham, one of the vice presidents of the Illinois

Securities Company, that they could not pay the notes, and the loan would be defaulted, and offered to convey their equity in the premises to avoid foreclosure. This offer was accepted by Mr. Graham. A deed was executed and recorded vesting the title to John F. Ruva, an employee of the securities company. All the noteholders were notified of this agreement, and the delivery of the deed. Mr. Graham agreed with the McCracken family that the deed was to be taken in satisfaction of the mortgage debt, and that the notes would be surrendered, and the trust deed released. Several noteholders' meetings were held, and the deposit of all notes was requested by the securities company, and all notes were deposited with the exception of notes aggregating $9,000 owned by three individuals, namely, Roy Murray, Miriam Berkovitz and Morris Turk. The notes owned by Roy Murray have since been transferred to the appellee, and are not involved in this appeal. The notes owned by Miriam Berkovitz were held as collateral security for a debt that she owed the First National Bank in Joliet. Likewise the notes owned by Morris Turk were held by the same bank as collateral for indebtedness he owed the bank. Mr. Murray had repeatedly promised that he would deposit his notes with the others, but had failed to do so.

The notes held by Morris Turk and Miriam Berkovitz are the notes that are now held by the appellants. Mr. Woodruff, the president of the bank at the time the deed was given and accepted, testified that he, for the bank and holder of these collateral notes, agreed to the proposition and offered to surrender the notes that he held; that the notes of the bank stated on their face that the bank had a right to take over the collateral and sell it, or dispose of it any time it saw fit. Later, the bank went into receivership, and the receiver took possession of these notes which were

held by the bank as collateral for the Turk and Berkovitz loans. The evidence is that the receiver also consented to this arrangement, to deliver over and surrender the notes, and accept in lieu thereof, a beneficial interest in the conveyed premises, but by a rule of the comptroller of the currency, they were not permitted to surrender the notes until all other notes had been surrendered, and because of the failure of Murray to surrender his notes, the notes held by the bank had not been delivered to the trustee.

Mrs. Berkovitz, or Berk, as she is sometimes called, testified in her deposition that she had agreed to the taking of the deed to avoid foreclosure, and to accept her proportionate interest in the real estate for her notes, but her notes were not deposited, because they were held as collateral by the bank, and were not physically available to her to be deposited. Morris Turk died previous to the filing of this suit. Charles J. Graham testified that Morris Turk had made an agreement with him the same as the other noteholders, and was willing to deposit his note like the others, but was unable to make such deposit because the bank held his notes as collateral security. Mr. S. W. Woodruff, president of the First National Bank, testified that on behalf of the bank he agreed to this arrangement, and urged its completion, and that this agreement was made while the bank was a going concern, and while it held the notes as pledgee. Elmer Grohne, George Lloyd and Daniel O'Connell each testified that they had been previously connected with the receivership of the First National Bank under Mr. Robert Wallace, the receiver of the bank, and that Mr. Wallace had agreed to the plan and his deputy had called upon Mr. Roy Murray to urge him to deposit his notes so as to enable the receiver to make the deposit of the notes held by him, but it was a rule of the U. S. comptroller of the currency that a receiver should not deposit notes

of this kind until all other notes of the same issue were on file, and because Murray could not deposit his notes, the receiver could not do so.

Upon a hearing of the case, the court dismissed the cross complaint of the appellants, and decreed partition of the real estate. It is from the order dismissing the cross complaint that this appeal is prosecuted.

The record discloses that on October 10, 1938, Floyd Goff became receiver of the First National Bank of Joliet; that in December 1940, Miriam Berkovitz compromised her indebtedness owed to the bank by said receiver, and the two $1,000 notes deposited by her, as collateral, became the property of the receiver; that on December 30, 1940, a public sale was held by Floyd Goff, the receiver of four of the McCracken notes, two that had been owned by Mrs. Berkovitz, and the other two by Morris Turk; that said notes were sold to Maurice Rosensaft who was the successful bidder at said sale; that the notes were taken in the name of Betty Colona, but Phillip M. Fisher and Phillip A. Odell were the real purchasers of said notes; that the sale of said notes by the receiver of the said bank to the appellants, was more than nine years after the notes became due.

It seems to us the only question necessary for this court to decide is whether or not the prior holders of the notes in question agreed to surrender their notes and accept a beneficial interest in the property, as represented by the deed to the trustee.

From an examination of the record in this case, it is our conclusion and we so hold as a matter of fact, that all of the prior holders of said notes did agree that they should surrender their notes and any interest that they had in the mortgage by reason of their notes, should be merged with the fee. When the receiver of the bank transferred title to the notes to the appellants, he could transfer no better title than he had and appellants could acquire no rights, which the receiver did not possess. The receiver and his predecessors

could transfer no better title than the bank had at the time the receiver took possession of the bank. As before stated, the appellants purchased these notes nine years after they became due, so that any agreement that the noteholders may have made relative to the surrender of the notes, and their interest in the mortgage premises, was binding upon the appellants at the time that they purchased the notes. *King v. Harpster*, 306 Ill. 202; *Harris v. Ingleside Bldg. Corp.*, 370 Ill. 617. The court properly decreed that the counterclaim filed in said suit by Betty Colona, which counterclaim was adopted by the defendants, Phillip M. Fisher and Phillip A. Odell, be dismissed for want of equity.

The decree of the circuit court is hereby affirmed.

*Affirmed.*