(No. 27041.—Decree affirmed.)
HARRY VICTOR, Appellant, *vs.* CHICAGO TITLE & TRUST COMPANY, Appellee.

*Opinion filed March 18, 1943—Rehearing denied May 17, 1943.*

TELLER, LEVIT & SILVERTRUST, and SHULMAN, SHULMAN & ABRAMS, for appellant.

HAROLD L. REEVE, EDMUND J. REYNOLDS, CHARLES E. CARNAHAN, and JONES, MULROY & STAUB, (DON KENNETH JONES, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The superior court of Cook county sustained defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action and entered a decree of dismissal and for costs. A freehold being involved, plaintiff appealed directly to this court. The theory upon which he prosecutes his action is that he has sufficient equitable title in the real estate described in the complaint to entitle him to partition. Defendant's motion challenges the sufficiency of the facts pleaded to show such an interest.

The pleadings show that plaintiff was the holder of $10,000 of a certain bond issue (the aggregate of the issue is not shown,) secured by a trust-deed lien upon the property described in the complaint. In 1929 a bondholders' committee was selected and vested with the authority, among other things, to select a depositary to whom the bondholders could surrender their bonds. The defendant was selected and acted in such capacity until 1934 when it became the holder of the legal title as trustee under a reorganization plan which had court approval. Neither the reorganization plan nor the contract under which defendant was to act as trustee nor the decree approving are set forth, except as to three paragraphs of the contract hereinafter mentioned. It is alleged that plaintiff did not deposit his bonds with the depositary prior to the approval of the reorganization plan but that in accordance with the provisions of the decree approving such plan he was permitted to and did surrender his bonds to the defendant on April 11, 1934. A copy of the certificate executed by the defendant acknowledging receipt of the bonds was attached to the complaint and made a part thereof. Aside from the acknowledgment of receipt of the bonds and the statement that $9397.58 with certain interest remained unpaid, the certificate recited that "the holder hereof is entitled to share in the benefits of said Agreement in respect of the Bonds against the deposit of which this Certificate is issued and to the rights and interests as a Depositor, as the same are specified and defined in said Deposit Agreement, an original of which has been filed with said Depositary. The holder, by receiving this Certificate, assents to and is bound by the provisions of said Deposit Agreement in the same manner and with the same effect as if he had executed the same." The following statement was endorsed upon the face of the certificate: "A plan for reorganization of the property which constitutes the security for the payment of the within described

bonds has been promulgated by the within mentioned Committee, and by the acceptance of this certificate the within certificate holder acknowledges receipt of a copy of said plan and consents and agrees thereto."

On August 1, 1934, the property was conveyed to the defendant in its capacity as trustee under the reorganization plan. It is alleged that subsequent thereto plaintiff received a communication from the committee that the certificates of beneficial interest were ready for distribution and that he tendered his certificate of deposit to the defendant and demanded the issuance of a certificate of beneficial interest under the trust. Plaintiff misapprehended the provisions of his deposit certificate when he alleged that it was stated in such certificate that he was entitled to the issuance of a beneficial certificate under the trust. There is no provision in the deposit certificate which refers to the issuance of a beneficial trust certificate.

Plaintiff's claim that he is the owner of a sufficient equitable interest to sustain partition is founded upon the allegations that from 1934 to May 1942 he made various requests of the defendant for the delivery to him of the certificate of beneficial interest to be issued under the trust and that the defendant refused such request. It is alleged that his certificate of deposit was tendered to the defendant with the proper endorsement thereon to entitle him to a certificate. As previously noted, the provisions of the deposit agreement, reorganization agreement or the decree are not set forth and the terms or conditions upon which certificates of beneficial interest under the trust were to be issued are not pleaded.

The only parts of the trust agreement that are set forth show that the purpose of creating the trust was to liquidate the property and to divide the income, proceeds and avails of the trust property among the certificate holders. It is stated that "it is the intention and purpose hereof that the Certificate Holders shall be trust beneficiaries only; * * *

that the Certificate Holders shall have only a beneficial interest as hereinabove stated, in the net income, proceeds and avails which may come into the hands of the Trustee through sales, leases, assignments or other dispositions, conversions or uses of the Trust Property or any part or parts thereof." It is further pleaded that such trust agreement sets forth the form of the certificate of beneficial interest, which among other things contains the following: "It is expressly agreed that the holders hereof have no claim or interest, legal or equitable, in any of the property covered by or referred to in said trust agreement, but only an interest in the net income, proceeds and avails thereof, all as in said trust agreement provided." It was further alleged that the agreement provided that the trust was to terminate within fifteen years and that the trust fund was to be distributed among the holders of the certificates.

Plaintiff's certificate of deposit was evidence of his *pro-rata* interest in the proceeds of the trust property and by the acceptance of the certificate he approved the reorganization plan. He does not plead facts as to the plan nor does he set up facts as to the terms upon which he would have the right to surrender his certificate of deposit and receive in lieu a certificate of beneficial interest under the trust. It is pleaded that he endorsed the certificate of deposit but there is no allegation that the mere endorsement met all the terms of the trust agreement which were conditions the performance of which had to be fulfilled by the plaintiff before he was entitled to the beneficial certificate. The foundation of his claim of a right to partition as owner of an equitable interest rests upon his contention that he was entitled to a certificate under the trust but that defendant unlawfully withheld it from him. The mere allegation that he tendered a properly endorsed certificate of deposit to the defendant and requested a certificate of beneficial interest under the trust is not a statement of facts sufficient to show that such act was all that was required to entitle

him to such certificate. This is not a case where the breach of the condition by plaintiff is a matter of defense. If plaintiff has an equitable interest sufficient to form the basis of an action in partition, it is because he has done all that was required to entitle him to a certificate of beneficial interest. See *Harris* v. *Ingleside Building Corp.* 370 Ill. 617.

The only relief prayed was for partition and there was no error in sustaining defendant's motion to dismiss the complaint for want of equity. *Decree affirmed.*